**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Plaintiff Salvatore LaMonica, Solely as Chapter 7 Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Gary Herbst, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

In re:                                                              Chapter 7

ONLINE DIAMONDS INTERNATIONAL CORP.         Case No.: 19-12042 (DSJ)
d/b/a ENCHANTED DIAMONDS d/b/a
ENCHANTEDDIAMONDS.COM,


                    Debtor.
------------------------------------------------------------------------x
SALVATORE LAMONICA, solely in his capacity as      Adv. Pro. No.: 21-_____ (DSJ)
Chapter 7 Trustee of the Estate of Online Diamonds
International Corp. d/b/a Enchanted Diamonds d/b/a
Enchanteddiamonds.com,

                    Plaintiff,

-against-

JOSHUA NIAMEHR,

                    Defendant.
------------------------------------------------------------------------x

## COMPLAINT

Plaintiff Salvatore LaMonica, solely in his capacity as Chapter 7 Trustee (the "Plaintiff" or

the "Trustee") of the Estate of Online Diamonds International Corp. d/b/a Enchanted Diamonds

d/b/a Enchanteddiamonds.com (the "Debtor"), by and through his undersigned counsel, as and for

his complaint against defendant Joshua Niamehr (the "Defendant"), alleges as follows:

## NATURE OF THE PROCEEDING

1.      This proceeding is brought to avoid and recover from the Defendant, certain

transfers made by the Debtor to or for the benefit of the Defendant, an insider of the Debtor, for

no or inadequate consideration.  Upon information and belief, the Defendant, as President and majority shareholder who enjoyed complete control over the Debtor, caused the Debtor to make payments for his own personal expenses, as well as directly to himself.

2.      In addition, this proceeding is brought to recover, from Defendant, damages for breach of the Defendant's fiduciary duties of utmost good faith, care and loyalty to the Debtor and its creditors. Upon information and belief, the Defendant diverted the Debtor's funds for his personal benefit and misappropriated customer deposits.

3.      Since this action arises under the pending Chapter 7 bankruptcy case of the Debtor, the United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this action under §§157 and 1334 of the Bankruptcy Code and Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4.      This action is a core proceeding pursuant to §§157 (b)(1), 157(b)(2) (A), (B), (E), (F) and (O) of the Bankruptcy Code.

5.      Venue in this Court is proper pursuant to §§1408 and 1409 of the Bankruptcy Rules.

6.      Plaintiff consents to the entry of final Orders and judgments by this Court if it is determined that this Court, absent the consent of the parties, cannot enter final Orders or judgments consistent with Article III of the United States Constitution.

7.      This Court may grant the relief requested in this adversary proceeding pursuant to, inter alia, Title 11 of the United States Code (the "Bankruptcy Code") §§541, 542, 544(b), and 548, Delaware Law, Subchapter V of Title 8 of the Delaware Code, General Corporation Law ("DE GCL") §170, and New York Debtor & Creditor Law ("NY DCL") §§273, 274, 275, 276 and 276-a, and such relief is properly sought by adversary proceeding pursuant to Federal Rules of Bankruptcy Procedure 7001(1).

## PARTIES

8.      The Defendant is an individual that, upon information and belief, resides at 4 Center Drive, Roslyn, NY 11576.

9.      The Defendant was the President of the Debtor.

10.     The Defendant was a Director of the Debtor.

11.     The Defendant was the majority shareholder of the Debtor.

12.     The Defendant was a person in control of the Debtor.

13.     The Defendant is an insider of the Debtor, as that term is defined in §§101(B)(i), (ii) and (iii) of the Bankruptcy Code.

14.     Plaintiff is the Chapter 7 Trustee of the Debtor's estate.

15.     The Debtor is incorporated in the state of Delaware.

16.     The Plaintiff is authorized to assert his claims under section 323 of the Bankruptcy Code and Bankruptcy Rules Rule 6009.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

17.     On June 20, 2019 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

18.     Salvatore LaMonica was appointed as the interim Chapter 7 Trustee of the Debtor's estate.

19.     Salvatore LaMonica is now the permanent Chapter 7 Trustee of the Debtor's estate.

20.     Prior to the Petition Date, the Debtor operated an online jewelry company which primarily sold diamonds and diamond engagement rings.

21.     The Debtor was incorporated in 2012, in Delaware.

22.     At that time, the Defendant was issued 3,000,000 of shares of the Debtor, representing 75% ownership.

23.     The incorporation documents, dated October 24, 2012, reflect that the Defendant was elected as the initial director of the Debtor.

24.     The Defendant exercised control and domination over the operations of the Debtor.

25.     A review of the Debtor's tax return income statements for the years ending 2016, 2017 and 2018 reflect losses for each year.

26.     The Debtor was insolvent from December 31, 2016 and through the Petition Date (the "Insolvency Period").

27.     The Debtor's books and records reflect that, during the two years prior to the Petition Date, while the Debtor was insolvent, transfers totaling no less than $215,000.00 were made by the Debtor to or for the benefit of the Defendant (the "Transfers"), to pay the personal expenses of the Defendant or were paid directly to the Defendant.

28.     The Trustee has identified the following Transfers:

   a.  Payments made directly to the Defendant totaling $30,000.00, annexed as **Exhibit A**;

   b.  Payment made directly to, upon information and belief, the Defendant's personal Charles Schwab investment account in the amount of $19,180.00, annexed as **Exhibit B**;

   c.  Payments made to Chase credit card for Defendant's personal expenses totaling $74,626.57, annexed as **Exhibit C**; and

   d.  Payments made to American Express credit card for Defendant's personal expenses totaling $91,234.83, annexed as **Exhibit D**.

29.     The Transfers were made from the Debtor's bank account ending *2865 at Metropolitan Commercial Bank.

30.     The Transfers were made at the direction of the Defendant.

4

31.     The Transfers were made for the benefit of the Defendant.

32.     The Debtor's bankruptcy petition does not reflect the Transfers.

33.     Upon information and belief, the Defendant may have received other and further transfers from the Debtor, or property of the Debtor, during the Insolvency Period, which the Trustee reserves the right to prove at trial.

34.     As the President of the Debtor, based on the tax returns for the years 2016, 2017 and 2018, the Defendant knew, or should have known, that the Debtor was insolvent.

35.     The Debtor did not receive fair consideration or reasonably equivalent value for the Transfers.

36.     The Defendant's diversion of the Transfers for his personal benefit constitutes a breach of the Defendant's fiduciary duties of loyalty, good faith and care.

37.     The Debtor received deposits from customers totaling no less than $783,000.00 for orders that remained unfulfilled as of the Petition Date (the "Customer Deposits"). A summary of the claims for the Customer Deposits is annexed as **Exhibit E**.

38.     The Customer Deposits were not used to fulfill the customer orders.

39.     Upon information and belief, the Defendant diverted and misappropriated the Customer Deposits.

40.     The Defendant's failure to use the Customer Deposits for the purpose of fulfilling the customers' orders constitutes a breach of the Defendant's fiduciary duties of loyalty, good faith and care.

## FIRSTCLAIM FOR RELIEF
### (Breach of Fiduciary Duties of Loyalty, Good Faith and Care, Delaware Law and DE GCL §170)

41.     The Trustee realleges and incorporates the allegations of the preceding paragraphs as if fully set forth herein.

42.     At all times relevant, pursuant to Delaware Law, the Defendant, as President and Director of the Debtor, owed a fiduciary duty of utmost good faith, care and loyalty to the Debtor and its creditors.

43.     The Defendant's fiduciary duties included to act prudently in the operations of the Debtor's business, to discharge his actions in good faith, to act in the best interests of the Debtor, and to put the interests of the Debtor before his own.

44.     At all times relevant, the Debtor was insolvent or was rendered insolvent or severely undercapitalized as a result of the Transfers.

45.     Upon information and belief, the Defendant exercised his dominion and control over the Debtor in order to: (1) divert assets of the Debtor for his own personal benefit, and (2) divert and misappropriate Customer Deposits.

46.     The Defendant breached his duties of loyalty, good faith and care by: (1) engaging in self-interested transactions and authorizing improper expenditures of the Debtor's funds, and (2) diverting and misappropriating the Customer Deposits.

47.     As a direct and proximate cause of the Defendant's breaches of his fiduciary duties of loyalty, good faith and care, which caused the assets of the Debtor to be substantially depleted and/or diverted for the Defendant's personal benefit, and for the Customer Deposits to be diverted and misappropriated, the Trustee is entitled to a judgment against the Defendant, pursuant to Delaware Law and DE GCL §170, in an amount as yet undetermined but which amount is in no event less than $998,900.00, plus interest, attorneys' fees and costs.

### SECOND CLAIM FOR RELIEF
**(Actual Fraudulent Transfer for the Benefit of an Insider and Recovery of Same, Bankruptcy Code §548(a)(1)(A))**

48.     The Trustee realleges and incorporates the allegations of the preceding paragraphs as if fully set forth herein.

49.     The Transfers were made within two (2) years of the Petition Date.

50.     The Debtor made the Transfers for the benefit of the Defendant, who was an insider

of the Debtor.

51.     The Debtor did not receive fair consideration or reasonably equivalent value for the

Transfers.

52.     The Debtor's bankruptcy petition does not reflect the Transfers.

53.     The Debtor was insolvent when the Transfers were made.

54.     The Transfers were made with the actual intent to hinder, delay or defraud any

entity to which the Debtor was or became indebted, on or after the date that such Transfers were

made.

55.     By reason of the foregoing, pursuant to Bankruptcy Code §548(a)(1)(A), the

Trustee is entitled to the entry of a judgment against the Defendant: (a) avoiding the Transfers

made by the Debtor for the benefit of the Defendant as a fraudulent conveyance; (b) setting aside

the Transfers as a fraudulent conveyance; and (c) in an amount as yet undetermined, equal to any

and all sums paid for the benefit of, or received by, the Defendant, which amount is, in no event,

less than $215,000.00, plus interest, attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF
**(Actual Fraudulent Transfer for the Benefit of an Insider and Recovery of Same,
NY DCL §276 and 276-a)**

56.     The Trustee realleges and incorporates the allegations of the preceding paragraphs

as if fully set forth herein.

57.     The Transfers were made during the six (6) years preceding the Petition Date.

58.     The Debtor made the Transfers for the benefit of the Defendant, who was an insider

of the Debtor.

59.     The Debtor did not disclose the Transfers on its bankruptcy petition.

7

60.     The Debtor did not receive fair consideration for the Transfers.

61.     The Debtor was insolvent when the Transfers were made.

62.     The Transfers were made with the actual intent to hinder, delay, or defraud present or future creditors of the estate.

63.     By reason of the foregoing, pursuant to NY DCL §276, the Trustee is entitled to the entry of a judgment against the Defendant: (a) avoiding the Transfers made by the Debtor for the benefit of the Defendant as a fraudulent conveyance; (b) setting aside the Transfers as a fraudulent conveyance; and (c) in an amount as yet undetermined, equal to any and all sums paid for the benefit of, or received by, the Defendant, which amount is, in no event, less than $215,000.00, plus interest, attorneys' fees and costs.

64.     Pursuant to Bankruptcy Code §544(b) and NY DCL §276-a, the Trustee is entitled to the entry of a judgment against the Defendant for reasonable attorneys' fees in an amount to be determined by the Court in connection with the prosecution of this Complaint.

## FOURTHCLAIM FOR RELIEF
**(Constructive Fraudulent Transfer for the Benefit of an Insider and Recovery of Same, Bankruptcy Code §548(a)(1)(B))**

65.     The Trustee realleges and incorporates the allegations of the preceding paragraphs as if fully set forth herein.

66.     The Transfers were made within two (2) years of the Petition Date.

67.     The Debtor made the Transfers for the benefit of the Defendant, who was an insider of the Debtor.

68.     The Debtor received less than reasonably equivalent value in exchange for such Transfers.

69.     The Debtor was insolvent when the Transfers were made.

70.     The Transfers were not made in the ordinary course of business.

71.     By reason of the foregoing, pursuant to Bankruptcy Code §548(a)(1)(B), the Trustee is entitled to the entry of a judgment against the Defendant: (a) avoiding the Transfers made by the Debtor for the benefit of the Defendant as a fraudulent conveyance; (b) setting aside the Transfers as a fraudulent conveyance; and (c) in an amount as yet undetermined, equal to any and all sums paid for the benefit of, or received by, the Defendant which amount is, in no event, less than $215,000.00, plus interest, attorneys' fees and costs.

## FIFTH CLAIM FOR RELIEF
### (Constructive Fraudulent Transfer for the Benefit of an Insider and Recovery of Same, NY DCL §273)

72.     The Trustee realleges and incorporates the allegations of the preceding paragraphs as if fully set forth herein.

73.     The Transfers were made within six (6) years of the Petition Date.

74.     The Debtor made the Transfers for the benefit of the Defendant, who was an insider of the Debtor.

75.     The Transfers were made without fair consideration.

76.     The Debtor was insolvent when the Transfers were made.

77.     By reason of the foregoing, pursuant to NY DCL §273, the Trustee is entitled to the entry of a judgment against the Defendant: (a) avoiding the Transfers made by the Debtor for the benefit of the Defendant as a fraudulent conveyance; (b) setting aside the Transfers as a fraudulent conveyance; and (c) in an amount as yet undetermined, equal to any and all sums paid for the benefit of, or received by, the Defendant, which amount is, in no event, less than $215,000.00, plus interest, attorneys' fees and costs.

*[continued on the next page]*

## SIXTH CLAIM FOR RELIEF
**(Constructive Fraudulent Transfer for the Benefit of an Insider and Recovery of Same, NY DCL §274)**

78.     The Trustee realleges and incorporates the allegations of the preceding paragraphs as if fully set forth herein.

79.     The Transfers were made within six (6) years of the Petition Date.

80.     The Debtor made the Transfers for the benefit of the Defendant, who was an insider of the Debtor.

81.     The Transfers were made without fair consideration.

82.     The Debtor was insolvent when the Transfers were made.

83.     The Debtor engaged in financial transactions comprising the Transfers which left the Debtor with unreasonably small capital within which to continue the business.

84.     The Transfers are fraudulent as to creditors.

85.     By reason of the foregoing, pursuant to NY DCL §274, the Trustee is entitled to the entry of a judgment against the Defendant: (a) avoiding the Transfers made by the Debtor for the benefit of the Defendant as a fraudulent conveyance; (b) setting aside the Transfers as a fraudulent conveyance; and (c) in an amount as yet undetermined, equal to any and all sums paid for the benefit of, or received by, the Defendant, which amount is, in no event, less than $215,000.00, plus interest, attorneys' fees and costs.

## SEVENTH CLAIM FOR RELIEF
**(Constructive Fraudulent Transfer for the Benefit of an Insider and Recovery of Same, NY DCL §275)**

86.     The Trustee realleges and incorporates the allegations of the preceding paragraphs as if fully set forth herein.

87.     The Transfers were made within six (6) years of the Petition Date.

88.     The Debtor made the Transfers for the benefit of the Defendant, who was an insider of the Debtor.

89.     The Transfers were made without fair consideration.

90.     The Debtor was insolvent when the Transfers were made.

91.     At the time the Transfers were made, the Defendant intended or believed that the Debtor would incur debts beyond its ability to pay as they mature.

92.     The Transfers were fraudulent as to both present and future creditors.

93.     By reason of the foregoing, pursuant to NY DCL §275, the Trustee is entitled to the entry of a judgment against the Defendant: (a) avoiding the Transfers made by the Debtor for the benefit of the Defendant as a fraudulent conveyance; (b) setting aside the Transfers as a fraudulent conveyance; and (c) in an amount as yet undetermined, equal to any and all sums paid for the benefit of, or received by, the Defendant, which amount is, in no event, less than $215,000.00, plus interest, attorneys' fees and costs.

## EIGHTH CLAIM FOR RELIEF
### (Unjust Enrichment)

94.     The Trustee realleges and incorporates the allegations of the preceding paragraphs as if fully set forth herein.

95.     The Transfers were made without fair consideration.

96.     The Defendant benefited from receipt of the Transfers.

97.     Permitting the Defendant to retain the Transfers without fair consideration to the Debtor's estate would unjustly enrich the Defendant to the detriment of the creditors of the Debtor's estate.

98.     By reason of the foregoing, the Trustee is entitled to the entry of a judgment against the Defendant in an amount as yet undetermined, equal to any and all sums paid for the benefit of,

or received by, the Defendant, which amount is, in no event, less than $215,000.00, plus interest,

attorneys' fees and costs.

## NINTH CLAIM FOR RELIEF
### (Conversion)

99.    The Trustee realleges and incorporates the allegations of the preceding paragraphs

as if fully set forth herein.

100.    Upon information and belief, as a result of the foregoing, the Defendant has

willfully, knowingly and wrongly converted property that would have belonged to the Debtor's

bankruptcy estate (i.e., the Transfers), to the exclusion and detriment of creditors of the Debtor's

bankruptcy estate.

101.    By reason of the foregoing, the Trustee is entitled to the entry of a judgment against

the Defendant in an amount as yet undetermined, equal to any and all sums paid for the benefit of,

or received by the Defendant, which amount is, in no event, less than $215,000.00, plus interest,

attorneys' fees and costs.

**WHEREFORE**, Plaintiff demands relief against the Defendant as follows:

i.    on Plaintiff's First Claim for Relief, judgment in favor of Plaintiff and against the Defendant for breach of the fiduciary duties of loyalty, good faith and care, pursuant to Delaware Law and DE GCL §170, in an amount to be determined but in no event less than $998,900.00, plus interest, attorneys' fees and costs;

ii.    on Plaintiff's Second Claim for Relief, judgment in favor of Plaintiff and against the Defendant, pursuant to Bankruptcy Code §548(a)(1)(A), avoiding the Transfers by the Debtor to the Defendant, and directing the Defendant to return to Plaintiff an amount equal to the Transfers, plus interest, attorneys' fees and costs;

iii.    on Plaintiff's Third Claim for Relief, judgment in favor of Plaintiff and against the Defendant, pursuant to NY DCL §§276 and 276-a, avoiding the Transfers by the Debtor to the Defendant and directing the Defendant to return to Plaintiff an amount equal to the Transfers, plus interest, attorneys' fees and costs;

iv.    on Plaintiff's Fourth Claim for Relief, judgment in favor of Plaintiff and against the Defendant, pursuant to Bankruptcy Code §548(a)(1)(B), avoiding the Transfers by the

Debtor to the Defendant and directing the Defendant to return to Plaintiff an amount equal to the Transfers, plus interest, attorneys' fees and costs;

v.    on Plaintiff's Fifth Claim for Relief, judgment in favor of Plaintiff and against the Defendant, pursuant to NY DCL §273, avoiding the Transfers by the Debtor to the Defendant and directing the Defendant to return to Plaintiff an amount equal to the Transfers, plus interest, attorneys' fees and costs;

vi.    on Plaintiff's Sixth Claim for Relief, judgment in favor of Plaintiff and against the Defendant, pursuant to NY DCL §274, avoiding the Transfers by the Debtor to the Defendant and directing the Defendant to return to Plaintiff an amount equal to the Transfers, plus interest, attorneys' fees and costs;

vii.    on Plaintiff's Seventh Claim for Relief, judgment in favor of Plaintiff and against the Defendant, pursuant to NY DCL §275, avoiding the Transfers by the Debtor to the Defendant and directing the Defendant to return to Plaintiff an amount equal to the Transfers, plus interest, attorneys' fees and costs;

viii.    on Plaintiff's Eighth Claim for Relief, judgment in favor of Plaintiff and against the Defendant for unjust enrichment, for the amount of the Transfers, plus interest, attorneys' fees and costs;

ix.    on Plaintiff's Ninth Claim for Relief, judgment in favor of Plaintiff and against the Defendant for conversion, for the amount of the Transfers, plus interest, attorneys' fees and costs; and

x.    such other and further relief as the Court deems just and proper.

Dated:    June 18, 2021
          Wantagh, New York          **LaMONICA HERBST & MANISCALCO, LLP**
                                      Counsel to Plaintiff Salvatore LaMonica, solely as
                                      Chapter 7 Trustee

                            By:    *s/ Gary F. Herbst*
                                   Gary F. Herbst, Esq.
                                   A Member of the Firm
                                   3305 Jerusalem Avenue, Suite 201
                                   Wantagh, New York 11793
                                   Telephone: (516) 826-6500

13