| | |
|---|---|
| **KASEN & KASEN, P.C.**<br>115 Broadway<br>5th Floor<br>New York, New York 10006<br>Telephone:    (646) 397-6226<br>Facsimile:    (646) 786-3611<br>Michael J. Kasen, Esq.<br>mkasen@kasenlaw.com<br>*Attorneys for Joshua Niamehr* | **Hearing Date: August 26, 2021**<br>**Hearing Time: 10:00 a.m.** |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ONLINE DIAMONDS INTERNATIONAL CORP., d/b/a, Enchanted Diamonds, d/b/a Enchanteddiamonds.com,<br><br>          Debtor. | **Chapter 7**<br><br>**Case No. 19-12042-DSJ** |
| SALVATORE LAMONICA, solely in his capacity as Chapter 7 Trustee of the Estate of Online Diamonds International Corp. d/b/a Enchanted Diamonds d/b/a Enchanteddiamonds.com,<br><br>          Plaintiff,<br><br>-against-<br><br>JOSHUA NIAMEHR,<br><br>          Defendant. | **Adv. Pro. No. 21-01164-DSJ** |

**MEMORANDUM OF LAW IN SUPPORT OF**
<u>**MOTION TO DISMISS COMPLAINT**</u>

TO:    THE HONORABLE DAVID S. JONES
       UNITED STATES BANKRUPTCY JUDGE

COMES NOW, Joshua Niamehr, by and through his undersigned attorneys, Kasen & Kasen, P.C. and respectfully submits this Memorandum of Law in Support of his Motion to Dismiss the Plaintiffs Complaint in the above referenced adversary proceeding with prejudice, and for such other and further relief as this Court deems just and proper.

### I.      PRELIMINARY STATEMENT

Joshua Niamehr (hereinafter, "Niamehr" or the "Defendant") was the President of Online Diamonds International Corporation (hereinafter, "Online Diamonds" or the "Debtor"), a Delaware corporation, and the debtor in the above captioned Chapter 7 case. Online Diamonds was a seller of diamonds and other fine jewelry and generated most or all of its revenue through online sales. Online Diamonds got into a business dispute with Rare Caret, Inc., an online aggregator of diamonds for sale directly to the consumer, which led rapidly and directly to near elimination of all revenue to the Debtor. As a result of this rapid and sudden elimination of revenue, the Defendant caused Online Diamonds to file the instant Chapter 7 case, turning over to the Trustee all books and records of the Debtor and assets of the bankruptcy estate including several diamonds, ring settings and other precious metals and stones.  At the time Online Diamonds filed for bankruptcy, several orders remained unfulfilled, including orders in which the diamonds were turned over to the trustee upon the filing of the bankruptcy.

Niamehr, as the president of Online Diamonds, earned a modest salary and certain distributions were made to Niamehr to pay down a loan he had made to the Debtor. In exchange for the modest salary, Online Diamonds received Niamehr's full time employ, and in exchange for the partial repayment of loans, Online Diamond's indebtedness to Niamehr was reduced.

This Complaint seeks to inappropriately classify these payments to Niamehr as fraudulent transfers under both bankruptcy law and New York Debtor and Creditor Law. This Complaint also seeks to inappropriately allege that Niamehr breached a duty that he owed to the Debtor, that Niamehr converted the Debtor's assets for his personal use and that Niamehr was unjustly enriched. The Complaint fails to sufficiently plead each and every alleged cause of action and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), made applicable hereto pursuant to Fed. R. Bank. P. 7012.

## II.    FACTUAL AND PROCEDURAL HISTORY

On June 20, 2019, Online Diamonds filed a petition for relief under chapter 7 of the Bankruptcy Code. Salvatore LaMonica (hereinafter, the "Plaintiff" or the "Trustee") was appointed the interim Chapter 7 Trustee of the Debtor's estate on June 21, 2019 and became the permanent Chapter 7 Trustee of the Debtor's estate on July 24, 2019.

On June 18, 2021, the Trustee brought the instant adversary proceeding against Niamehr by the filing of a complaint seeking turnover of funds from Niamehr, alleging an entitlement to such funds due to actual fraudulent transfers under both Bankruptcy and New York law, constructively fraudulent transfers under both Bankruptcy and New York law, a breach of duty under Delaware law, conversion, and unjust enrichment (hereinafter, the "Complaint").

## III.    LEGAL ARGUMENT

As the United States Supreme Court has repeatedly emphasized in recent years, "only a complaint that states a plausible claim for relief [will] survive a motion to dismiss." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). This plausibility standard requires "more than a sheer

3

possibility that a defendant has acted unlawfully," and "more than an unadorned, the defendant unlawfully-harmed me accusation." Id. At 1949; *see also* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions").

A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cohen v. Rosicki, Rosicki & Assocs., 897 F.3d 75, 80 (2d Cir. 2018) (citation omitted). A claim to relief is plausible when the factual allegations in a complaint "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Progressive Credit Union v. City of New York, 889 F.3d 40, 48 (2d Cir. 2018) (citation omitted). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Carlin v. Davidson Fink LLP, 852 F.3d 207, 212 (2d Cir. 2017). The plaintiff must plead enough facts to "nudge[] [his] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly at 570.

A.      The Trustee has failed to sufficiently allege facts necessary for its First Cause of Action – Breach of Fiduciary Duty, Good Faith and Care, Delaware Law and DE GCL § 170.

Niamehr did not breached his fiduciary duty to the Debtor, nor has the Trustee sufficiently alleged facts beyond a bare recitation of the elements that would make such a determination plausible. Additionally, the Trustee misstates the duties owed by Niamehr[1], as a director of the debtor. Under Delaware law, Niamehr, as the former president of the Debtor owed two overlapping fiduciary duties to the corporation: the duty of care and the duty of loyalty. In re Tribune Co. Fraudulent Conveyance Litig., 2019 U.S. Dist. LEXIS 10983 *33 (S.D.N.Y. 2019)

---

[1] The Trustee inaccurately alleges "The Defendant's fiduciary duties included to act prudently in the operations of the Debtor's business, to discharge his actions in good faith, to act in the best interests of the Debtor, and to put the interests of the Debtor before his own." Complaint at ¶ 43

4

(*citing*, In re Walt Disney Co. Derivative Litig., 907 A.2d 693, 745 (Del. Ch. 2005) ("Disney I"), aff'd, In re Walt Disney Co. Derivative Litig., 906 A.2d 27, 52 (Del. 2006) ("Disney II")).

"The duty of care requires a corporate director to use that amount of care which ordinarily careful and prudent directors would use in similar circumstances and consider all material information reasonably available in making business decisions." Id. (*Internal Citations omitted*).

"The duty of loyalty requires a corporate director to act in the best interests of the corporation and to remain free of conflicts when making corporate business decisions." Id. at 34 (*Internal Citations omitted*).

While the Trustee seems to allege that Niamehr owed an additional duty of good faith, such a duty "is actually a subsidiary element of the duty of loyalty." Id. (*citing* Stone v. Ritter, 911 A.2d 362, 370 (Del. 2006)).

"Delaware corporate directors' business decisions are ordinarily protected by the business judgment rule, which presumes that in making a business decision the directors of a corporation acted on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the company." Id. at 34-35 (*Internal citations and quotations omitted*). The plaintiff must show that "the board's decision [. . .] cannot be attributed to any rational business purpose." Disney II, 906 A.2d 27, 74 (*citation omitted*).

Here, there are no allegations that any decision made by Niamehr was contrary to all rational business purpose. Further, while the Trustee states, "The Defendant breached his duties of loyalty, good faith and care by: (1) engaging in self-interested transactions and authorizing improper expenditures of the Debtor's funds, and (2) diverting and misappropriating

5

the Customer Deposits" Complaint at ¶ 46, the Trustee fails to allege with any degree of specificity that any transactions the Debtor engaged were in any way contrary to "any rational business purpose". Accepting the allegations as true, for the purposes of this motion, there is no allegation that transferring $215,000.00 to or for the benefit of the president of a corporation over the course of two years couldn't have a rational business purpose nor are there allegations that the corporation's decisions on how to use customer deposits were made with no rational business purpose. It is notable that there is no allegation that the Debtor did not intend to fulfill the orders it took deposits for and equally notable that several diamonds that were purchased with those deposits have been turned over by the Trustee to the customers which made those deposits.

The allegations contained within the Complaint are insufficient to " nudge[] [the] claims across the line from conceivable to plausible" that Niamehr breached his fiduciary duty to the Debtor and as such this cause of action must be dismissed.

Additionally, DE GCL § 170, referenced in the complaint is a section of the General Corporation Law that deals only with the payment of dividends. There are no allegations that the Debtor paid any dividends to anyone, thus this Motion will not address DE GCL § 170 any further.

B.      The Trustee has failed to sufficiently allege facts related to intent necessary for its Second and Third Causes of Action – Actual Fraudulent Transfer for the Benefit of an Insider and Recovery of Same, Bankruptcy Code § 548(a)(1)(A) and NY DCL §§ 276 and 276-a.

The Trustee has failed to sufficiently allege facts, beyond a bare recitation of the elements, that any transfer was made with an actual intent to hinder, delay, or defraud any

6

creditor[2], or allege any facts that would make such a determination plausible. Additionally, to state a claim for actual fraudulent conveyance, a plaintiff must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), In re Sharp Int'l Corp., 403 F.3d 43, 56 (2d Cir. 2005), which requires plaintiff to "state with particularity the circumstances constituting fraud or mistake," Fed. R. Civ. P. 9(b). While "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally," id., this "'must not be mistaken for license to base claims of fraud on speculation and conclusory allegations,'" In re M. Fabrikant & Sons, Inc., 480 B.R. 480, 484 (S.D.N.Y. 2012) (quoting In re Carter-Wallace, Inc., Sec. Litig.., 220 F.3d 36, 39 (2d Cir. 2000)). Accordingly, a complaint alleging an actual fraudulent transfer must "allege facts that give rise to a strong inference of fraudulent intent." Id.; *accord* In re Sharp, 403 F.3d at 56. "An inference is strong if it is cogent and at least as compelling as any opposing inference one could draw from the facts alleged." Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., 797 F.3d 160, 176-77 (2d Cir. 2015) (internal quotation marks omitted). "In determining whether this strength-of-inference requirement is met," the Court assesses "the complaint in its entirety and take[s] into account plausible opposing inferences." Loreley, 797 F.3d at 177 (internal quotation marks omitted).

Here, there are no allegations, beyond a bare recitation of the elements of the cause of action[3], let alone allegations with the requisite specificity, that allege actual intent as

---

[2] While not identical, 11 U.S.C. § 548(a)(1)(A) and NY DCL § 276 both require that a transfer be made with actual intent to hinder, delay, or defraud a creditor.
"The trustee may avoid any transfer [. . .] that was made [. . .] within 2 years before the date of the filing of the petition, if the debtor [. . .] made such transfer [. . .] **with actual intent to hinder, delay, or defraud** any entity to which the debtor was or became, [. . .] indebted". 11 U.S.C. § 548(a)(1)(A) (**emphasis added**).
"Every conveyance made and every obligation incurred with **actual intent**, as distinguished from intent presumed in law, **to hinder, delay, or defraud** either present or future creditors, is fraudulent as to both present and future creditors." NY DCL § 267 (**emphasis added**).
[3] "The Transfers were made with the actual intent to hinder, delay or defraud any entity to which the Debtor was or became indebted, on or after the date that such Transfers were made." Complaint at ¶ 54.

7

required by 11 U.S.C. § 548(a)(1)(A) as well as NY DCL §§ 276 and 276-a, and as such this cause of action must be dismissed.

C. <u>The Trustee has failed to sufficiently allege facts related to insolvency and fair consideration necessary for its Fourth, Fifth, Sixth and Seventh Causes of Action – Constructive Fraudulent Transfer for the Benefit of an Insider and Recovery of Same, Bankruptcy Code § 548(a)(1)(B), NY DCL §§ 273 - 275.</u>

The Trustee has failed to sufficiently allege facts, beyond a bare recitation of the elements, that the Debtor was insolvent at the time of the complained of transfers or that the transfers lacked sufficient consideration[4].

The only allegations contained within the complaint related to insolvency are "The Debtor was insolvent from December 31, 2016 and through the Petition Date" <u>Complaint</u> at ¶ 26; "At all times relevant, the Debtor was insolvent or rendered severely undercapitalized as a result of the Transfers" <u>Complaint</u> at ¶ 44; "The Debtor was insolvent when the transfers were made" <u>Complaint</u> at ¶ 53, 61, 69, 76, 82, and 90.

---

[4] Insolvency and lack of consideration are required elements of 11 U.S.C. § 548(a)(1)(B), NY DCL § 273, NY DCL § 274, and NY DCL § 275
"The trustee may avoid any transfer [. . .] that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor [. . .] **received less than a reasonably equivalent value in exchange for such transfer** [. . .] **was insolvent on the date that such transfer was made** [. . .] or **became insolvent as a result of such transfer** [. . .]; was engaged in business or a transaction, or was about to engage in business or a transaction, for which **any property remaining with the debtor was an unreasonably small capital**; intended to incur, or believed that the debtor would incur, **debts that would be beyond the debtor's ability to pay as such debts matured**" <u>11 U.S.C. § 548(a)(1)(B)</u> (**emphasis added).**
"Every conveyance made and every obligation incurred by a person **who is or will be thereby rendered insolvent** is fraudulent as to creditors without regard to his actual intent **if the conveyance is made or the obligation is incurred without fair consideration**." <u>NY DCL § 273</u> (**emphasis added**).
"Every conveyance **made without fair consideration** when the person making it is engaged or is about to engage in a business or transaction for which the property remaining in his hands after the conveyance **is an unreasonable small capital**, is fraudulent as to creditors [. . .] without regard to his actual intent." <u>NY DCL § 274</u> (**emphasis added**).
"Every conveyance **made** and every obligation incurred **without fair consideration** when the person making the conveyance or entering into the obligation intends or believes that he will incur **debts beyond his ability to pay as they mature**, is fraudulent as to both present and future creditors." <u>NY DCL § 275</u> (**emphasis added**).

8

No facts are alleged that would render this recitation of an element of 11 U.S.C. § 548(a)(1)(B) and NY DCL §§ 273-275, more likely than not. "For purposes of New York constructive fraudulent conveyance law, insolvency is analogous to the Bankruptcy Code's definition, which requires some sort of "balance sheet" test or information provided that the Court can use to infer that the corporation's liabilities exceeded their assets at the time the transfers took place." O'Toole v. Karnani (In re Trinsum Group, Inc.) 460 B.R. 379, 392 (Bankr. S.D.N.Y 2011) (*Citing* In re Nirvana Restaurant, Inc., 337 B.R. 495, 506 (Bankr. S.D.N.Y. 2006). No such information allowing a balance sheet test has been presented in the Complaint.

Similarly, the only allegations contained within the complaint relating to the consideration the Debtor may or may not have received as a result of the complained about transfers, are simply the repetitive recitation that consideration was insufficient[5].

This bare recitation is simply not enough. The Trustee fails to make any factual allegations that fair or adequate consideration was not received by the Debtor in exchange for the complained of transfers.

Because the Trustee fails to sufficiently allege all the elements of a constructively fraudulent transfer under either the Bankruptcy Code or New York Debtor Creditor Law, the Fourth, Fifth, Sixth and Seventh Claims for Relief must be dismissed.

---

[5] "This proceeding is brought to avoid and recover from the Defendant, certain transfers made by the Debtor [. . .], for no or inadequate consideration." Complaint at ¶ 1.
"The Debtor did not receive fair consideration or reasonably equivalent value for the Transfers." Complaint at ¶¶ , 35, 51, and 60.
"The Debtor received less than reasonably equivalent value in exchange for such Transfers." Complaint at ¶ 68
"The Transfers were made without fair consideration." Complaint at ¶¶ 75, 81, 89, and 95.

D.        <u>The Third, Fifth, Sixth, and Seventh Claim's for Relief must be dismissed because they rely upon New York Law when Delaware Law is the appropriate state's law.</u>

The Third, Fifth, Sixth and Seventh Claim's for Relief in the Trustee's complaint rely upon New York Statutes in an attempt to recover allegedly fraudulent (both constructively fraudulent and intentionally fraudulent) transfers for the benefit of the estate[6]. New York law is not the appropriate law to be utilized in this case in which the Debtor is a Delaware Corporation, the alleged transfers are alleged to have taken place both within and without New York State, and the creditors alleged to have been harmed by the allegedly fraudulent transfers by and large are located outside of New York State.

In determining the choice of law, "a bankruptcy court must apply the choice of law rules of the forum state." <u>Geron v. Seyfarth Shaw, LLP (In re Thelen LLP)</u>, 736 F.3d 213, 219 (2d Cir. 2013) (internal quotation marks and citations omitted). "Under New York conflicts principles, "the first step in any case presenting a potential choice of law issue is to determine whether there is an actual conflict between the laws of the jurisdictions involved." <u>LaMonica v. Harrah's Atl. City Operating Co. (In re JVJ Pharm. Inc.)</u>, 618 B.R. 408, 417 (Bankr. S.D.N.Y. 2020) (*quoting* <u>GlobalNet Financial.com, Inc. v. Frank Crystal & Co.</u>, 449 F.3d 377, 382 (2d Cir. 2006).

Here, there is no question that there are significant and meaningful differences between New York's fraudulent conveyance statutes and Delaware's Fraudulent conveyance statutes. There are significantly different statutes of limitations and Delaware dos not recognize a right to avoid a constructively fraudulent transfer by a subsequent creditor. Also, Delaware law

---

[6] It is of note that in the First Claim for Relief, the Trustee relies upon Delaware state statutes and laws.

10

provides significant defenses to an insider recipient of a transfer that may not exist under New York law.

New York applies an "interest analysis" in determining the choice of law for tort claims. *See* Schultz v. Boy Scouts of Am., Inc., 65 N.Y.2d 189, 197 (N.Y. 1985) (noting that the "[i]nterest analysis [is] the relevant analytical approach to choice of law in tort actions in New York."). Under that analysis, "the law of the jurisdiction having the greatest interest in the litigation will be applied[.]" Kalb, Voorhis & Co. v. Am. Fin. Corp., 8 F.3d 130, 132 (2d Cir. 1993) (quoting Intercontinental Planning, Ltd. v. Daystrom, Inc., 24 N.Y.2d 372, (N.Y. 1969)). The factors relevant to such an analysis "are the nature of the legal issue in conflict, the policy or purpose supporting the provision in conflict, and an examination of the contacts of the competing jurisdictions to determine which jurisdiction has the greatest concern with the specific issue in question." Advanced Portfolio Techs., Inc. v. Advanced Portfolio Techs. Ltd., 1999 U.S. Dist. LEXIS 1265 (S.D.N.Y. Feb. 8, 1999) (citation omitted).

Here, the Debtor is a Delaware Corporation that "operated an online jewelry company" Complaint at ¶ 20, the allegedly harmed creditors are spread throughout 27 states, the District of Columbia, and four international countries with the vast majority being located outside of New York. The Trustee has not alleged any information sufficient to determine where the transfers took place. The Trustee has alleged no facts that indicate that New York Statutes should be applied rather than Delaware Statutes or Statutes of any of the other 25 states, the District of Columbia or Hong Kong, India, Canada or Ireland. Without any factual allegation indicating why New York Law should apply, and the only allegations related to location being the Debtor's state of incorporation (Delaware), Delaware statutes should apply rather than New York's and as such, the Claim's for Relief based on New York Debtor and Creditor Law must be dismissed.

11

E.     The Trustee has failed to sufficiently allege facts necessary for its Eighth Cause of Action – Unjust Enrichment.

In the Eighth Cause of Action, the Trustee, relying on the same underlying facts that the Trustee allege constitute wrongful acts under Delaware and New York law, asserts "the Trustee is entitled to the entry of a judgment against the Defendant in an amount as yet undetermined, equal to any and all sums paid for the benefit of, or received by, the Defendant, which amount is, in no event, less than $215,000.00" under a theory of 'Unjust Enrichment".

"To prevail on a claim for unjust enrichment in New York, a plaintiff must establish (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." Beth Israel Med Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc., 448 F.3d 573, 586 (2d Cir. 2006). New York law does not allow claims for unjust enrichment to serve as "catchall cause[s] of action to be used when others fail." Corsello v. Verizon N.Y, Inc., 18 N.Y.3d 777, 790 (2012). An unjust enrichment claim cannot survive a motion to dismiss where the plaintiff "fail[s] to explain how [it] is not merely duplicative of [his] other causes of action." Nelson v. MillerCoors, LLC, 246 F. Supp. 3d 666, 679 (E.D.N.Y. 2017).

Here, the Trustee's inclusion of the Eigth Cause of Action, one for unjust enrichment, is an improper attempt to include a catchall cause of action that is in every way duplicative of the Complaint's preceding 7 causes of actions and as such must be dismissed pursuant to Rule 12(b)(6).

F.     The Trustee has failed to sufficiently allege facts necessary for its Ninth Cause of Action – Conversion.

In New York, conversion "is the unauthorized 'exercise of dominion over or interference with' a specific identifiable piece of property in defiance of the owner's rights." Petty v. Barnes, 70 A.D.3d 661, 662, 894 N.Y.S.2d 85, 87 (2010); see also LoPresti v. Terwilliger, 126

F.3d 34, 41 (2d Cir. 1997) ("Conversion occurs when a defendant exercises unauthorized dominion over personal property in interference with a plaintiff's legal title or superior right of possession." (*citing* Rolls-Royce Motor Cars, Inc. v. Schudroff, 929 F. Supp. 117, 124 (S.D.N.Y. 1996))); Louros v. Cyr, 175 F. Supp. 2d 497, 515 (S.D.N.Y. 2001) (explaining that conversion "is the unauthorized exercise of dominion or control over property by one who is not the owner of the property which interferes with and is in defiance of a superior possessory right of another in the property" (citation omitted)).

To state a claim for conversion, a plaintiff must plead, that: (1) the property subject to conversion is a specific identifiable thing; (2) plaintiff had ownership, possession or control over the property before its conversion; and (3) defendant exercised an unauthorized dominion over the thing in question, to the alteration of its condition or to the exclusion of the plaintiff's rights. *See* Kirschner v. Bennett, 648 F.Supp.2d 525, 540 (S.D.N.Y. 2009) (quotation marks and citation omitted); *see also* Channel Marine Sales, Inc. v. City of New York, 75 A.D.3d 600, 601, 903 N.Y.S.2d 922, 923 (2010) (explaining that to establish a cause of action to recover damages for conversion, a plaintiff "must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion . . . to the exclusion of the plaintiff's rights" (*quoting* Messiah's Covenant Cmty. Church v. Weinbaum, 74 A.D.3d 916, 919, 905 N.Y.S.2d 209, 212 (2010))).

Here, it is obvious that the Trustee has failed to plead conversion sufficiently. Specifically, the Trustee fails to identify any specific identifiable thing that was subject to conversion. This failure is obvious because the Trustee tells us in the complaint that it hasn't identified any specific thing that was converted. ("By reason of the foregoing, the Trustee is

13

entitled to the entry of a judgment against the Defendant **in an amount as yet undetermined**, equal to any and all sums paid for the benefit of, or received by the Defendant, which amount is, in no event, less than $215,000.00, plus interest, attorneys' fees and costs." Complaint at ¶ 101 (**emphasis added**)).

### IV.    CONCLUSION

WHEREFORE, for the forgoing reasons, the Defendant respectfully requests that the Court grant his Motion to Dismiss the Complaint with prejudice, and grant such other and further relief as deemed just and proper.

Dated: New York, New York
      July 12, 2021                      KASEN & KASEN, P.C.

                                By:   /s/ Michael J. Kasen
                                        Michael J. Kasen, Esq.
                                        Attorneys for Defendant Joshua Niamehr
                                        115 Broadway, 5th Floor
                                        New York, New York 10006
                                        (646) 397-6226