**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Plaintiff Salvatore LaMonica, Solely as Chapter 7 Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Gary Herbst, Esq.
Holly R. Holecek, Esq.
Cristina M. Lipan, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| ONLINE DIAMONDS INTERNATIONAL CORP. d/b/a ENCHANTED DIAMONDS d/b/a ENCHANTEDDIAMONDS.COM, | Case No.: 19-12042 (DSJ) |
| Debtor. | |

-------------------------------------------------------------------x

| | |
|---|---|
| SALVATORE LAMONICA, solely in his capacity as Chapter 7 Trustee of the Estate of Online Diamonds International Corp. d/b/a Enchanted Diamonds d/b/a Enchanteddiamonds.com, | Adv. Pro. No.: 21-01164 (DSJ) |
| Plaintiff, | |
| -against- | |
| JOSHUA NIAMEHR, | |
| Defendant. | |

-------------------------------------------------------------------x

---

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S
## MOTION TO DISMISS THE COMPLAINT

---

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Plaintiff Salvatore LaMonica, as Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Gary F. Herbst, Esq.
Cristina M. Lipan, Esq.

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................ 5

BACKGROUND ........................................................................................................... 6

ARGUMENT .................................................................................................................. 7

I.      THE STANDARDS GOVERNING PLEADING AND DISMISSAL ...................7

II.     THE TRUSTEE HAS SUFFICIENTLY ALLEGED FACTS NECESSARY FOR
        THE FIRST CLAIM FOR RELIEF – BREACH OF FIDUCIARY DUTIES ........9

III.    THE TRUSTEE HAS SUFFICIENTLY ALLEGED FACTS NECESSARY FOR
        THE SECOND AND THIRD CLAIMS FOR RELIEF – FRAUDULENT
        CONVEYANCES.................................................................................................11

IV.     THE TRUSTEE HAS SUFFICIENTLY ALLEGED FACTS NECESSARY FOR
        ITS FOURTH, FIFTH, SIXTH AND SEVENTH CLAIMS FOR RELIEF –
        CONSTRUCTIVE FRAUDULENT CONVEYANCES......................................13

V.      NEW YORK STATE LAW IS THE APPROPRIATE STATE LAW FOR THE
        THIRD, FIFTH, SIXTH, AND SEVENTH CLAIMS FOR RELIEF ..................16

VI.     THE TRUSTEE HAS PROPERLY PLED THE EIGHTH CLAIM FOR RELIEF
        – UNJUST ENRICHMENT ................................................................................19

VII.    THE TRUSTEE HAS SUFFICIENTLY ALLEGED FACTS NECESSARY FOR
        THE NINTH CLAIM FOR RELIEF - CONVERSION .......................................20

VIII.   ALTERNATIVELY, THE TRUSTEE SHOULD BE GRANTED LEAVE TO
        AMEND...............................................................................................................21

CONCLUSION.............................................................................................................. 22

1

**TABLE OF AUTHORITIES**

<u>**CASES**</u>

Bankr. Estate of Norske Skogindustrier ASA v. Cyrus Capital Partners, L.P. (In re Bankr. Estate of Norske Skogindustrier ASA), Nos. 18-13571 (MG), 18-01846 (MG), 2021 Bankr. LEXIS 1137 (Bankr. S.D.N.Y. Apr. 29, 2021) ................................................................................. 17

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ....................................................................... 8

Buchwald Capital Advisors L.L.C. v. JPMorgan Chase Bank, N.A. (In re M. Fabrikant & Sons, Inc.), 480 B.R. 480 (Bankr. S.D.N.Y. 2012) ............................................................................. 12

Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42 (2d Cir. 1991).......................................... 21

Devaney v. Chester, 813 F. 2d 566 (2d Cir. 1987) ...................................................................... 12

Drenis v. Haligiannis, 452 F. Supp. 2d 418 (S.D.N.Y. 2006) ................................................ 18, 19

Erickson v. Pardus, 551 U.S. 89 (2007)....................................................................................... 8

Geron v. Schulman (In re Manshul Const. Corp.), No. 99-CV-2825, 2000 U.S. Dist. LEXIS 12576, 2000 WL 1228866 (S.D.N.Y. Aug. 30, 2000)............................................................... 11

Glob. Network Commc'ns, Inc. v. City of N.Y., 458 F.3d 150 (2d Cir. 2006)............................... 7

Gowan v. Patriot Grp., L.L.C. (In re Dreier L.L.P.), 452 B.R. 391 (Bankr. S.D.N.Y. 2011) ...... 15

Halebian v. Berv, 644 F.3d 122 (2d Cir. 2011) ............................................................................ 7

Harrison v. N.J. Cmty. Bank (In re Jesup & Lamont, Inc.), 507 B.R. 452 (Bankr. S.D.N.Y. 2014) ...................................................................................................................................... 15

HBE Leasing Corp. v. Frank, 61 F.3d 1054 (2d Cir. 1995) ........................................................ 15

Hertz Corp. v. City of N.Y., 1 F.3d 121 (2d Cir. 1993)................................................................. 8

Holliday v. K Rd. Power Mgmt., L.L.C. (In re Bos. Generating L.L.C.), 617 B.R. 442 (Bankr. S.D.N.Y. 2020) .................................................................................................................... 12

Hosking v. TPG Capital Mgmt., L.P. (In re Hellas Telecomms. (Lux.) II SCA), 535 B.R. 543 (S.D.N.Y. 2015)................................................................................................................ 17, 19

Houston Pipeline Co. LP v. Enron Corp. (In re Enron Corp.), 367 B.R. 373 (S.D.N.Y. 2007)... 21

In re Kaiser, 722 F.2d 1574 (2d Cir. 1983).................................................................................. 13

In re Walt Disney Co. Derivative Litig., 907 A.2d 693 (Del. Ch. 2005)......................................... 9

Jackson v. Mishkin (In re Adler, Coleman Clearing Corp.), 263 B.R. 406 (S.D.N.Y. 2001) ...... 15

Kalb, Voorhis & Co. v. Am. Fin. Corp., 8 F.3d 130 (2d Cir. 1993)............................................. 18

Koppel v. 4987 Corp., 167 F.3d 125 (2d Cir. 1999)...................................................................... 8

Kramer v. Sooklall, (In re Singh), 434 B.R. 298 (Bankr. E.D.N.Y. 2010)................................... 11

Littlejohn v. City of N.Y., 795 F.3d 297 (2d Cir. 2015)................................................................. 8

Liu v. Credit Suisse First Bos. Corp. (In re Initial Pub. Offering Sec. Litig.), 383 F. Supp. 2d 566 (S.D.N.Y. 2005) ...................................................................................................... 8

Maxwell Commun. Corp. Pub. Ltd. Co. by Homan v. Societe Generale (In re Maxwell Commun. Corp. Pub. Ltd. Co.), 93 F.3d 1036 (2d Cir. 1996) .................................................... 8

Miller v. Greenwich Capital Fin. Prods. (In re Am. Bus. Fin. Servs.), 362 B.R. 149 (Bankr. D. Del. 2007) ...................................................................................................... 20

New York v. Green, 420 F.3d 99 (2d Cir. 2005) ....................................................... 21

Nisselson v. Softbank AM Corp. (In re MarketXT Holdings Corp.), 361 B.R. 369 (Bankr. S.D.N.Y. 2007) .................................................................................................. 12

O'Toole v. Karnani (In re Trinsum Grp., Inc.), 460 B.R. 379 (S.D.N.Y. 2011) .......................... 16

Off. Comm. of Unsecured Creditors of Verestar, Inc. v. Am. Tower Corp. (In re Verestar, Inc.), 343 B.R. 444 (Bankr. S.D.N.Y. 2006) ............................................................. 14

Official Comm. of Unsecured Creditors Hydrogen, L.L.C. v. Blomen (In re Hydrogen, L.L.C.), 431 B.R. 337 (Bankr. S.D.N.Y. 2010) ............................................................. 17

Official Comm. of Unsecured Creditors of Fedders N. Am., Inc. v. Goldman Sachs Credit Partners L.P. (In re Fedders N. Am., Inc.), 405 B.R. 527 (D. Del. 2009) .......................... 13

Oliver Sch. v. Foley, 930 F.2d 248 (2d Cir. 1991) ..................................................... 9

Pereira v. Frenkel Benefits, LLC (In re Moyer Grp., Inc.), 586 B.R. 401 (S.D.N.Y. 2018) ........ 20

Picard v. Taylor (In re Park S. Sec., L.L.C.), 326 B.R. 505 (Bankr. S.D.N.Y. 2005) ................ 12

Ruffini v. Norton Law Grp. P.L.L.C. (In re Ruffini), 11-78841-reg, Adv. Proc. No. 12-8396-reg, 2014 Bankr. LEXIS 733, 2014 WL 714732 (Bankr. E.D.N.Y. Feb. 25, 2014) ....................... 15

Sharp Int'l Corp. v. State St. Bank & Tr. Co. (In re Sharp Int'l Corp.), 403 F.3d 43 (2d Cir. 2005) ...................................................................................................... 15

Signature Apparel Grp. LLC v. Laurita (In re Signature Apparel Grp. LLC), No. 09-15378 (RG), 2015 Bankr. LEXIS 671 (Bankr. S.D.N.Y. Mar. 4, 2015) ..................................... 19

Silverman v. H.I.L. Assocs. Ltd. (In re Allou Distribs., Inc.), 387 B.R. 365 (E.D.N.Y. 2008) ... 20

Sutherland v. Sutherland, No. 2399-VCN, 2010 Del. Ch. LEXIS 88 (Ch. May 3, 2010) ........ 9, 16

Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308 (2007) ............................... 8

Tese-Milner v. TPAC, LLC (In re Ticketplanet.com), 313 B.R. 46 (Bankr. S.D.N.Y. 2004) ..... 20

## STATUTES

11 U.S.C §101(31)(B) ............................................................................................. 6

11 U.S.C. §548 ................................................................................................. 11, 14

6 DEL. C. §1304(a)(1) ............................................................................................ 17

6 DEL. C. §1304(a)(2)(a) ........................................................................................ 17

6 DEL. C. §1304(a)(2)(b) ........................................................................................ 18

FED. R. BANKR. P. 7012 ....................................................................................... 5, 7

FED. R. CIV. P. 12 ............................................................................................. 5, 7, 8

FED. R. CIV. P. 15 .................................................................................................. 21

FED. R. CIV. P. 8 .................................................................................................... 14

FED. R. CIV. P. 9 .............................................................................................. 12, 14

N.Y. DEBT. & CRED. LAW §273 ............................................................................ 15

N.Y. DEBT. & CRED. LAW §274 ...................................................................... 15, 17

N.Y. DEBT. & CRED. LAW §275 ...................................................................... 15, 18

N.Y. DEBT. & CRED. LAW §276 ................................................................. 11, 12, 17

Plaintiff Salvatore LaMonica, solely in his capacity as Chapter 7 Trustee ("Plaintiff" or

"Trustee") of the Estate of Online Diamonds International Corp. d/b/a Enchanted Diamonds

d/b/a Enchanteddiamonds.com ("Debtor"), submits this opposition ("Opposition") to the motion

("Motion to Dismiss") of defendant Joshua Niamehr ("Defendant") seeking entry of an order

dismissing the Trustee's complaint dated June 18, 2021 ("Complaint") pursuant to Rule 12(b)(6)

of the Federal Rules of Civil Procedure ("Federal Rules") and Rule 7012 of the Federal Rules of

Bankruptcy Procedure ("Bankruptcy Rules"), and respectfully sets forth as follows:

## PRELIMINARY STATEMENT

The Trustee commenced this adversary proceeding to recover certain transfers made by

the Debtor to Defendant directly or on behalf of Defendant to pay Defendant's personal

expenses, at Defendant's direction, during the two years prior to the Petition Date.[1]

The operative allegations in the Complaint are largely unchallenged in the Motion to

Dismiss:

- Defendant was the President, Director, majority shareholder, person in control and an insider of the Debtor;

- the Debtor's tax return income statements for the years ending 2016, 2017 and 2018 reflect losses for each year;

- during the two years prior to the Filing Date, transfers totaling no less than $215,000 were made by the Debtor to or for the benefit of Defendant ("Transfers");

- the Transfers were made from the Debtor's bank account at the direction and for the benefit of Defendant; and

- the Debtor did not receive fair consideration or reasonably equivalent value for the Transfers.

Contrary to Defendant's arguments, the Trustee's Complaint pleads his Claims for Relief by

including detailed allegations and not just recitations of the elements of those claims.

---

[1] Capitalized Terms not otherwise defined herein shall have the definition ascribed to them in the Complaint.

For reasons set forth more fully below, the Court should deny the Motion to Dismiss in its entirety. In the alternative, if the Court finds any merit to the Motion to Dismiss, the Court should allow the Trustee to re-plead to correct any perceived deficiencies in the Complaint.

## **BACKGROUND**

At all relevant times, Defendant was the President, a Director, a majority shareholder, and a person in control of the Debtor. See Complaint [ECF No. 1] at 3, ¶¶9-12. As such, Defendant was an insider of the Debtor as that term is defined in sections 101(31)(B)(i), (ii) and (iii) of the Bankruptcy Code. See Complaint at ¶13. The Debtor is incorporated in Delaware, but operated as an online jewelry company. See id. at ¶¶15 and 20. The Debtor maintained an office in New York City and voluntarily commenced this Chapter 7 case in the United States Bankruptcy Court for the Southern District of New York. See Case No.: 19-12042 (DSJ), ECF No. 1. According to the New York State Department of State, Division of Corporations, the Debtor was authorized to do business in the state of New York as of October 29, 2012. See https://apps.dos.ny.gov/publicInquiry (last accessed August 18, 2021). Defendant resides in New York State. See Complaint at ¶8.

The Debtor's tax returns for the years ending 2016, 2017, and 2018 reflected losses for each year. See id. at ¶25. As such, the Debtor was insolvent from December 31, 2016 through the Petition Date. See id. at ¶26.

During the two years prior to the Petition Date, while the Debtor was insolvent, the Transfers, which total no less than $215,000, were made by the Debtor to or for the benefit of Defendant to pay the personal expenses of Defendant or were paid directly to Defendant from the Debtor's bank account. See id. at ¶¶27 and 29. The Trustee provided specific details of these Transfers as exhibits to the Complaint. See id. at ¶28.

At all times relevant, Defendant exercised control and domination over the operations of the Debtor. See id. at ¶24. As an insider and the person in control of the Debtor, the Transfers were made at the direction of Defendant. See id. at ¶30. The Debtor's petition and schedules, which were signed by Defendant, did not disclose all of the Transfers made to Defendant. See id. at ¶59. The Debtor did not receive fair consideration or reasonably equivalent value for the Transfers. See id. at ¶35.

Finally, the Debtor received deposits from customers totaling no less than $783,000 for orders that remained unfulfilled as of the Petition Date ("Customer Deposits"). See id. at ¶37. Defendant's failure to use the Customer Deposits for the purpose of fulfilling the customers' orders constitutes a breach of Defendant's fiduciary duties of loyalty, good faith and care. See id. at ¶¶38-40.

On June 20, 2019 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. See id. at ¶17.

## ARGUMENT

## I.   THE STANDARDS GOVERNING PLEADING AND DISMISSAL

Federal Rule 12(b)(6), made applicable to this adversary proceeding pursuant to Bankruptcy Rule 7012(b), provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6); FED. R. BANKR. P. 7012(b). The purpose of Federal Rule 12(b)(6) "'is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits.'" Halebian v. Berv, 644 F.3d 122, 130 (2d Cir. 2011) (quoting Glob. Network Commc'ns, Inc. v. City of N.Y., 458 F.3d 150, 155 (2d Cir. 2006)).

7

In deciding a motion to dismiss, a court accepts a complaint's factual allegations as true and must draw all reasonable inferences in favor of the plaintiff. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 321-23 (2007). See also Littlejohn v. City of N.Y., 795 F.3d 297, 306 (2d Cir. 2015). The United States Supreme Court has confirmed that a complaint does not need detailed factual allegations to survive a motion under Federal Rule 12(b)(6). See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient facts to state a claim that is "plausible on its face." Twombly, 550 U.S. at 570.

A court's responsibility is to "assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Liu v. Credit Suisse First Bos. Corp. (In re Initial Pub. Offering Sec. Litig.), 383 F. Supp. 2d 566, 574 (S.D.N.Y. 2005) (internal quotation makers and citation omitted); see also Koppel v. 4987 Corp., 167 F.3d 125, 138 (2d Cir. 1999)  (plaintiff need only allege, not prove, sufficient facts to survive a motion to dismiss). A court's consideration is "limited to facts stated on the face of the complaint and in documents appended to the complaint or incorporated in the complaint by reference, as well as to matters of which judicial notice may be taken." Hertz Corp. v. City of N.Y., 1 F.3d 121, 125 (2d Cir. 1993), cert. denied, 510 U.S. 1111 (1994); see also Tellabs, Inc., 551 U.S. at 322.

Dismissal is only warranted where it appears *beyond doubt* that the plaintiff can prove no sets of facts in support of his claim which would entitle him to relief. See Maxwell Commun. Corp. Pub. Ltd. Co. by Homan v. Societe Generale (In re Maxwell Commun. Corp. Pub. Ltd. Co.), 93 F.3d 1036, 1044 (2d Cir. 1996). Moreover, to the extent an initial complaint is thought insufficiently detailed, the proper course is to allow a plaintiff leave to amend to provide

8

additional detail and not dismiss the complaint. See, e.g., Oliver Sch. v. Foley, 930 F.2d 248, 252 (2d Cir. 1991).

It is against the foregoing that the Motion to Dismiss must be considered and the sufficiency of the Complaint measured. As demonstrated below, the Motion to Dismiss is baseless and should be denied in its entirety.

## II.      THE TRUSTEE HAS SUFFICIENTLY ALLEGED FACTS NECESSARY FOR THE FIRST CLAIM FOR RELIEF – BREACH OF FIDUCIARY DUTIES

By the First Claim for Relief in the Complaint, the Trustee seeks relief under Delaware law based on Defendant's breaches of his fiduciary duties of loyalty, good faith and care to the Debtor. Defendant asserts that the First Claim for Relief should be dismissed because it fails to allege facts that any decision made by Defendant was contrary to any rational business purpose. See Memorandum of Law in Support of Motion to Dismiss the Complaint (hereinafter, "MOL") at 4-5. Defendant's argument fails as a matter of law.

The business judgment rule is a presumption that applies when there is no evidence of "fraud, bad faith, or *self-dealing in the usual sense of personal profit or betterment on the part of the directors*." In re Walt Disney Co. Derivative Litig., 907 A.2d 693, 747 (Del. Ch. 2005) (emphasis added). This presumption can be rebutted by a showing that a defendant violated his fiduciary duties and, in that event, the burden shifts to the defendant to demonstrate that his actions were made pursuant to rationale business reasons. See id. Once a plaintiff makes a prima facie showing that a defendant diverted funds, as the facts demonstrate here, the burden falls on the defendant to account for the funds, since the defendant has "a duty to create and maintain accurate records to substantiate the expenses[.]" Sutherland v. Sutherland, No. 2399-VCN, 2010 Del. Ch. LEXIS 88, at *69-72 (Ch. May 3, 2010).

9

In this case, the Complaint makes a prima facie showing that Defendant diverted funds from the Debtor for Defendant's personal benefit. Indeed, during the two years prior to the Petition Date, while the Debtor was insolvent, the Transfers, which total no less than $215,000, were made by the Debtor to or for the benefit of Defendant to pay the personal expenses of Defendant or were paid directly to Defendant from the Debtor's bank account. See Complaint at ¶¶27 and 29. Contrary to Defendant's claims that the Trustee failed to provide any specificity, Exhibits A-D to the Complaint provide very detailed lists, clearly showing that the Transfers were used to pay Defendant's personal credit cards or pay Defendant directly. The Complaint clearly lists unaccounted for transfers of funds that were traced to payments to Defendant directly, or on Defendant's behalf, for payment of personal expenses (payments made to Defendant's personal credit cards). See id. at ¶28 (referencing Exhibits A-D).

Further, the Debtor received the Customer Deposits, totaling no less than $783,000, for orders that remained unfulfilled as of the Petition Date. Defendant failed to use those Customer Deposits for the intended purpose of fulfilling the customers' orders, which constitutes a breach of Defendant's fiduciary duties. See id. at ¶¶37-40.

At all times relevant, Defendant exercised control and domination over the operations of the Debtor. See id. at ¶24. As an insider and the person in control of the Debtor, the Transfers were made at the direction of Defendant. See id. at ¶30. The Debtor did not receive fair consideration or reasonably equivalent value for the Transfers. See id. at ¶35. The Debtor's books and records evidence self-dealing insofar as the Transfers were made for no consideration, for Defendant's benefit, and while the Debtor was insolvent.

The Complaint sufficiently pleads self-dealing by Defendant. Defendant has the heavy burden to establish a rational business reason for the improper and avoidable Transfers (facts to be fleshed out in discovery in this adversary proceeding).

Accordingly, the First Claim for Relief should not be dismissed.

## III.   THE TRUSTEE HAS SUFFICIENTLY ALLEGED FACTS NECESSARY FOR THE SECOND AND THIRD CLAIMS FOR RELIEF – FRAUDULENT CONVEYANCES

By the Second and Third Claims for Relief in the Complaint, the Trustee seeks to avoid the Transfers as actual fraudulent conveyances under both federal and state law. Defendant contends that the Complaint fails to allege facts that establish actual intent to hinder, delay, or defraud any creditor. See MOL at 6. Defendant's argument fails for several reasons.

Under section 548(a)(1)(A) of the Bankruptcy Code, a "trustee may avoid any transfer . . . of an interest of the debtor in property . . . that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor . . . made such transfer . . . with actual intent to hinder, delay, or defraud any entity to which the debtor was . . . indebted." See 11 U.S.C. §548(a)(1)(A). Similarly, under section 276 of the New York Debtor and Creditor Law ("DCL")[2], "[e]very conveyance made and every obligation incurred with actual intent . . . to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors." These two provisions "are substantially similar such that 'if a transfer is fraudulent under the DCL, it is also fraudulent under Section 548 of the Bankruptcy Code.'" Kramer v. Sooklall, (In re Singh), 434 B.R. 298, 311 n.5 (Bankr. E.D.N.Y. 2010) (quoting Geron v. Schulman (In re Manshul Const. Corp.), No. 99-CV-2825, 2000 U.S. Dist. LEXIS 12576, 2000 WL 1228866, at *43 n.7 (S.D.N.Y. Aug. 30, 2000)).

---

[2]   The pre-UVTA iteration of the DCL is applicable to the claims seeking avoidance of the Transfers as fraudulent conveyances.

A complaint alleging an actual fraudulent conveyance must "allege facts that give rise to a strong inference of fraudulent intent." Buchwald Capital Advisors L.L.C. v. JPMorgan Chase Bank, N.A. (In re M. Fabrikant & Sons, Inc.), 480 B.R. 480, 485 (Bankr. S.D.N.Y. 2012) (internal quotation marks omitted). Courts have observed that the level of particularity is determined in light of such circumstances as whether the plaintiff has an opportunity to take discovery of those who may possess knowledge of the pertinent facts. See, e.g., Devaney v. Chester, 813 F. 2d 566, 569 (2d Cir. 1987). However, courts take "a more liberal view when examining allegations of actual fraud that are [plead] by a bankruptcy trustee in the context of a fraudulent conveyance, since a trustee is an outsider to the transaction who must plead fraud from second-hand knowledge." Nisselson v. Softbank AM Corp. (In re MarketXT Holdings Corp.), 361 B.R. 369, 395 (Bankr. S.D.N.Y. 2007) (quoting Picard v. Taylor (In re Park S. Sec., L.L.C.), 326 B.R. 505, 517 (Bankr. S.D.N.Y. 2005)) (internal quotation marks omitted). See also Holliday v. K Rd. Power Mgmt., L.L.C. (In re Bos. Generating L.L.C.), 617 B.R. 442 (Bankr. S.D.N.Y. 2020) (noting that the Second Circuit has a adopted a more liberal application of Federal Rule 9(b) to trustees who are outsiders and must plead fraud from second-hand knowledge and finding Chapter 11 trustee sufficiently plead intentional fraud under section 276 of the DCL, including sufficiently alleging numerous badges of fraud).

It is well settled that since evidence of fraudulent intent is rarely susceptible to direct proof, a court may infer such intent through circumstantial evidence, or "badges of fraud," which may include, but are not limited to:

(1) the lack or inadequacy of consideration;

(2) the relationship between the debtor and the transferee;

(3) insolvency, or the financial condition of the Debtor;

(4) secrecy or concealment of the transaction; and

(6) the general chronology of the events and transactions under inquiry.

See, e.g., In re Kaiser, 722 F.2d 1574, 1582-83 (2d Cir. 1983); Official Comm. of Unsecured Creditors of Fedders N. Am., Inc. v. Goldman Sachs Credit Partners L.P. (In re Fedders N. Am., Inc.), 405 B.R. 527, 545 (D. Del. 2009) (noting that no one particular badge of fraud is necessary, but that any one or more badges of fraud may provide conclusive evidence of actual intent to defraud).

In this case, the Complaint sets forth allegations establishing multiple badges of fraud, including that:

i.    The Debtor did not receive fair consideration or reasonably equivalent value for the Transfers. See Complaint at ¶35.

ii.   Defendant was the President, a Director, a majority shareholder, and a person in control of the Debtor. See id. ¶¶9-12.

iii.  Defendant was an insider of the Debtor. See id. at ¶13.

iv.   The Transfers were made at Defendant's direction to himself or for his own benefit, in payment of his personal expenses. See id. at ¶¶27, 28, 30, 31.

v.    The Debtor was insolvent when the Transfers were made, and Defendant, as the person in control of the Debtor, must have known this, since the filed tax returns reflected losses for the years 2016, 2017 and 2018. See id. at ¶¶24-26.

vi.   The Debtor's petition and schedules, which were signed by Defendant, did not disclose all of the Transfers to Defendant. See id. at ¶59.

Accordingly, the Second and Third Claims for Relief should not be dismissed.

## IV.    THE TRUSTEE HAS SUFFICIENTLY ALLEGED FACTS NECESSARY FOR ITS FOURTH, FIFTH, SIXTH AND SEVENTH CLAIMS FOR RELIEF – CONSTRUCTIVE FRAUDULENT CONVEYANCES

By the Fourth, Fifth, Sixth and Seventh Claims for Relief, the Trustee seeks to avoid the Transfers as constructively fraudulent conveyances under both federal and state law. Defendant contends that the claims fail because Plaintiff failed to sufficiently allege sufficient facts that the

Debtor was insolvent at the time of the Transfers or that the Transfers lacked sufficient consideration. See MOL at 8. Defendant's argument is without merit.

As a matter of law, the Complaint need not satisfy the heightened pleading standard of Federal Rule 9(b) with respect to the Trustee's constructive fraudulent conveyance claims. See Off. Comm. of Unsecured Creditors of Verestar, Inc. v. Am. Tower Corp. (In re Verestar, Inc.), 343 B.R. 444, 460 (Bankr. S.D.N.Y. 2006)  (pleading requirement of Federal Rule 9(b) do not apply to claims of constructive fraudulent conveyance under section 548(a)(1)(B) of the Bankruptcy Code and applicable state law). As set forth below, the Trustee has satisfied her pleading obligations for purposes of Federal Rule 8. FED. R. CIV. P. 8.

Under section 548(a)(1)(B) of the Bankruptcy Code, a trustee may avoid a transfer made by a debtor within two years before the date of the filing of the petition if the debtor voluntarily or involuntarily:

(i)    received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(ii)

    (I)    was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

    (II)    was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;

    (III)    intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or

    (IV)    made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

See 11 U.S.C. §548(a)(1)(B).

14

Similarly, under the DCL, a transfer made by a debtor is deemed constructively fraudulent "if it is made without 'fair consideration'" and: (i) the transferor is insolvent or will be rendered insolvent by the transfer in question (section 273 of the DCL); or (ii) the transferor is engaged in or is about to engage in a business transaction for which its remaining property constitutes unreasonably small capital (section 274 of the DCL); or (iii) the transferor believes that it will incur debt beyond its ability to pay (section 275 of the DCL) . See Sharp Int'l Corp. v. State St. Bank & Tr. Co. (In re Sharp Int'l Corp.), 403 F.3d 43, 53 (2d Cir. 2005). "Fair consideration" under the DCL requires that the exchange be made for equivalent value and also in good faith. See id. at 53-54; HBE Leasing Corp. v. Frank, 61 F.3d 1054, 1058-1059 (2d Cir. 1995). Courts consider "the good faith of the parties, whether it was an arm's length transaction, and what the debtor actually received." Ruffini v. Norton Law Grp. P.L.L.C. (In re Ruffini), 11-78841-reg, Adv. Proc. No. 12-8396-reg, 2014 Bankr. LEXIS 733, 2014 WL 714732, at *7 (Bankr. E.D.N.Y. Feb. 25, 2014). See also Harrison v. N.J. Cmty. Bank (In re Jesup & Lamont, Inc.), 507 B.R. 452, 470 (Bankr. S.D.N.Y. 2014); Jackson v. Mishkin (In re Adler, Coleman Clearing Corp.), 263 B.R. 406, 466 (S.D.N.Y. 2001). "To defeat a motion to dismiss, the [plaintiff] need only allege a lack of 'fair consideration' by pleading a lack of 'fair equivalent' value or a lack of good faith on the part of the transferee." Gowan v. Patriot Grp., L.L.C. (In re Dreier L.L.P.), 452 B.R. 391, 443 (Bankr. S.D.N.Y. 2011).

The Complaint adequately pleads facts to support that the Debtor did not receive fair consideration in exchange for the Transfers. The Complaint states that the Debtor's books and records do not evidence that the Debtor received any consideration for the Transfers. See Complaint at ¶¶27 and 35. The Complaint also alleges, and it is not disputed, that Defendant was the President, a Director, a majority shareholder, and a person in control of the Debtor, see id.

¶¶9-12, and Defendant was an insider of the Debtor, see id. at ¶13. It is Defendant's burden to show evidence to the contrary (which will be fleshed out in discovery in this adversary proceeding). Defendant not only had the duty to create and maintain accurate records, but was the individual in control of the Debtor and its books and records. See Sutherland, 2010 Del. Ch. LEXIS 88, at *70-71.

The Complaint also states that a review of the Debtor's tax return income statements for the years ending 2016, 2017 and 2018 reflect losses for each year. See Complaint at ¶25. Based on this evidence, the next allegation of the Complaint states that the Debtor was insolvent from December 31, 2016 and through the Petition Date. See id. at ¶26. The tax returns, which were prepared at Defendant's direction, reflected losses going back to 2016 and sufficiently establish that the Debtor's liabilities exceeded its assets at the time each of the Transfers was made. See O'Toole v. Karnani (In re Trinsum Grp., Inc.), 460 B.R. 379, 392 (S.D.N.Y. 2011). As such, these facts support the Trustee's claims for relief.

Accordingly, the Fourth, Fifth, Sixth and Seventh Claims for Relief should not be dismissed.

**V.    NEW YORK STATE LAW IS THE APPROPRIATE STATE LAW FOR THE THIRD, FIFTH, SIXTH, AND SEVENTH CLAIMS FOR RELIEF**

Defendant argues that the Third, Fifth, Sixth and Seventh Claims for Relief must be dismissed because New York is not the appropriate law and that Delaware law applies. See MOL at 8. Defendant's argument fails.

**There is No Actual Conflict Between the Laws of the Jurisdictions Involved.**

In determining the choice of law, the first step is to determine whether there is an actual conflict between the laws of the jurisdictions involved. See Bankr. Estate of Norske Skogindustrier ASA v. Cyrus Capital Partners, L.P. (In re Bankr. Estate of Norske

Skogindustrier ASA), Nos. 18-13571 (MG), 18-01846 (MG), 2021 Bankr. LEXIS 1137, at *28 (Bankr. S.D.N.Y. Apr. 29, 2021); Hosking v. TPG Capital Mgmt., L.P. (In re Hellas Telecomms. (Lux.) II SCA), 535 B.R. 543, 573 (Bankr. S.D.N.Y. 2015); Official Comm. of Unsecured Creditors Hydrogen, L.L.C. v. Blomen (In re Hydrogen, L.L.C.), 431 B.R. 337,356 (Bankr. S.D.N.Y. 2010).

Defendant argues there are significant and meaningful differences between New York and Delaware fraudulent conveyance statutes. Specifically, Defendant points to the difference in the statutes of limitations and the fact that Delaware does not recognize a right to avoid a constructively fraudulent transfer by a subsequent creditor. Defendant's arguments are misplaced. There is no issue with regard to the statute of limitations, and Defendant is not a subsequent creditor. Significantly, the elements of a fraudulent conveyance claim, whether actual or constructive, are substantially similar under both New York and Delaware law.

Under both New York and Delaware law, actual fraudulent intent is found where a debtor makes a transfer with actual intent to hinder, delay or defraud a creditor, whether the creditor's claim arose prior to the transfer (present creditors) or after the transfer (future creditors). Compare 6 DEL. C. §1304(a)(1), with N.Y. DEBT. & CRED. LAW §276.

Further, under both New York and Delaware law, a transfer is constructively fraudulent when it was made without reasonably equivalent value (Delaware law) or fair consideration (New York law) and the debtor was engaged or about to engage in a business or transaction for which the remaining assets of the debtor after the transfer is unreasonably small capital. Compare 6 DEL. C. §1304(a)(2)(a), with N.Y. DEBT. & CRED. LAW §274.

Lastly, under both New York and Delaware law, a transfer may also be constructively fraudulent when it was made without reasonably equivalent value and the debtor intended,

17

believed or should have believed that it would incur debts beyond its ability to pay as they became due. Compare 6 DEL. C. §1304(a)(2)(b), with N.Y. DEBT. & CRED. LAW §275

The elements of a fraudulent conveyance in both jurisdictions are substantially the same. There are no significant or meaningful differences between the two state statutes. There is no actual conflict between the laws of New York and Delaware in this case.

**Even if There Were a Conflict Between the Jurisdictions, New York Would Still Be the Appropriate Law.**

Assuming arguendo there were some "actual conflict of law," this Court would need to determine which jurisdiction has the greatest interest in the litigation. See, e.g., Kalb, Voorhis & Co. v. Am. Fin. Corp., 8 F.3d 130, 132 (2d Cir. 1993); Drenis v. Haligiannis, 452 F. Supp. 2d 418, 427-28 (S.D.N.Y. 2006).

Defendant confuses the fact that the Debtor had customers located across numerous states and internationally with the allegations that are the subject of the Third, Fifth, Sixth and Seventh Claims for Relief. See MOL at 11. The Debtor was a Delaware corporation and its business was conducted online. See Complaint ¶15 and 20. However, as reflected on the Debtor's voluntary petition, the Debtor's principal place of business was in New York, New York. See Case No. 19-12034, ECF No. 1 at 1. The Debtor's bank account was located in New York and the Transfers were made to Defendant, who resides in New York, directly, or to third parties for the benefit of Defendant (by paying Defendant's personal credit card expenses). See id. ¶¶8, 27, 29. Further, public records reflect that the Debtor was (and remains) authorized to do business in New York as of October 29, 2012. See https://apps.dos.ny.gov/publicInquiry (last accessed August 18, 2021). The business operations were conducted by Defendant in New York, where he resided. See id. ¶8. There is no evidence that Defendant traveled to Delaware to operate the Debtor's business (and any such evidence would appropriately be fleshed out in discovery in this

adversary proceeding). New York's interest in seeing its fraudulent conveyance law applied outweighs the interests of Defendant in having the Debtor corporation's "internal relationships governed by the law under which it is organized." <u>Drenis</u>, 452 F. Supp. 2d at 427-28.

Accordingly, the Trustee has adequately pled his claims for relief under the Third, Fifth, Sixth and Seventh Claims for Relief pursuant to the appropriate state law and, as such, the Motion to Dismiss should be denied.

## VI.    <u>THE TRUSTEE HAS PROPERLY PLED THE EIGHTH CLAIM FOR RELIEF – UNJUST ENRICHMENT</u>

By the Eighth Claim for Relief in the Complaint, the Trustee seeks restitution in an amount equal to not less than the Transfers on the grounds of unjust enrichment. Defendant asserts that the Eighth Claim for Relief must be dismissed because it is duplicative of other Claims for Relief. <u>See</u> MOL at 12. Defendant's argument fails.

The essence of unjust enrichment is that one party has received money or a benefit at the expense of another. To establish a claim for unjust enrichment, a plaintiff must show "that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered." <u>Signature Apparel Grp. LLC v. Laurita (In re Signature Apparel Grp. LLC)</u>, No. 09-15378 (RG), 2015 Bankr. LEXIS 671, at *40 (Bankr. S.D.N.Y. Mar. 4, 2015).

While courts have held that an unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim, and a fraudulent transfer claim shares many features of a claim for unjust enrichment, courts have refused to dismiss unjust enrichment claims on the basis that they were duplicative of fraudulent transfer claims, because it is conceivable that the Plaintiff could recover under one theory but not the other. <u>See</u> <u>Hosking</u>, 535 B.R. at 585; <u>Pereira v. Frenkel Benefits, LLC (In re Moyer Grp., Inc.)</u>, 586 B.R. 401, 408

19

(S.D.N.Y. 2018). While the Trustee would not be entitled to duplicative relief, a plaintiff is not required to elect a single theory upon which to proceed at the pleadings stage. <u>Pereira</u>, 586 B.R. at 408 (citing <u>Silverman v. H.I.L. Assocs. Ltd. (In re Allou Distribs., Inc.)</u>, 387 B.R. 365, 412 (E.D.N.Y. 2008).

Accordingly, the Eighth Claim for Relief should not be dismissed.

## VII.   THE TRUSTEE HAS SUFFICIENTLY ALLEGED FACTS NECESSARY FOR THE NINTH CLAIM FOR RELIEF - CONVERSION

By the Ninth Claim for Relief in the Complaint, the Trustee seeks restitution in an amount equal to not less than the Transfers on the grounds of conversion. Defendant asserts that the Ninth Claim for Relief must be dismissed because the Complaint failed to "identify any specific identifiable thing that was subject to conversion," and states that the Trustee "tells us in the complaint that it hasn't identified any specific thing that was converted." <u>See</u> MOL at 13. Defendant's argument again fails.

To establish a claim for conversion, a plaintiff must show that there was unauthorized exercise of control by one who is not the owner which interferes with a superior possessory right of another in property. <u>See</u> <u>Tese-Milner v. TPAC, LLC (In re Ticketplanet.com)</u>, 313 B.R. 46, 69 (Bankr. S.D.N.Y. 2004); <u>Miller v. Greenwich Capital Fin. Prods. (In re Am. Bus. Fin. Servs.)</u>, 362 B.R. 149, 163 (Bankr. D. Del. 2007) (noting that both New York and Delaware law have similar elements for a conversion cause of action).

Defendant contends that the Trustee's conversion claim fails because the amount of the Transfers has not yet been fully established. However, the Complaint very specifically identifies the Transfers by annexing Exhibits A through D, which specifically list the transactions comprising the Transfers totaling $215,000. <u>See</u> Complaint ¶27. Further, the Complaint specifically identifies the items that were subject to conversion as the Transfers. <u>See</u> <u>id</u>. ¶100.

20

Accordingly, the Ninth Claim for Relief should not be dismissed.

## VIII.   ALTERNATIVELY, THE TRUSTEE SHOULD BE GRANTED LEAVE TO AMEND

Alternatively, if this Court determines that any of the claims for relief in the Complaint should be dismissed, or that portions thereof have failed to state valid claims for relief, the Trustee respectfully requests leave to replead and to file an amended complaint pursuant to Federal Rule 15(a)(2).

Federal Rule 15(a) states that leave to amend a pleading "shall be given freely when justice so requires . . . unless (1) the party has unduly delayed seeking to amend, (2) the party seeking to amend is acting with a dilatory motive, (3) the proposed amendment would cause undue prejudice to the opposing party, or (4) the proposed amendment would be futile." Hous. Pipeline Co. LP v. Enron Corp. (In re Enron Corp.), 367 B.R. 373, 379 (S.D.N.Y. 2007). This permissive standard is consistent with the court's "strong preference for resolving disputes on the merits." New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005).

While the Trustee maintains that he has adequately plead all of the claims for relief in the Complaint, should the Court disagree, Defendant has not established -- and cannot establish -- that the Trustee has delayed in seeking to amend, or is acting with dilatory motive, or that the amendment would cause undue prejudice or that any further amendment would be futile. Accordingly, leave to amend should be granted. See Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991) ("[a]lthough leave to replead is within the discretion of the district court, refusal to grant it without any justifying reason is an abuse of discretion").

*[continued on the following page]*

## <u>CONCLUSION</u>

For all the reasons set forth at length above, the Motion to Dismiss should be denied in its entirety. In the event the Motion to Dismiss is granted, in whole or in part, Defendant has not demonstrated that any defect in pleading could not be remedied and, accordingly, the Trustee should be granted leave to replead.

Dated:   August 19, 2021
        Wantagh, New York

**LAMONICA HERBST & MANISCALCO, LLP**
*Counsel to Plaintiff Salvatore LaMonica,*
*solely as Chapter 7 Trustee*

By:   <u>*s/ Gary F. Herbst*</u>
     Gary F. Herbst, Esq.
     Holly R. Holecek, Esq.
     Cristina M. Lipan, Esq.
     3305 Jerusalem Avenue, Suite 201
     Wantagh, New York 11793
     Telephone: (516) 826-6500