**KASEN & KASEN, P.C.**
115 Broadway
5th Floor
New York, New York 10006
Telephone:     (646) 397-6226
Facsimile:     (646) 786-3611
Michael J. Kasen, Esq.
mkasen@kasenlaw.com
*Attorneys for Joshua Niamehr*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> ONLINE DIAMONDS INTERNATIONAL CORP., d/b/a, Enchanted Diamonds, d/b/a Enchanteddiamonds.com, <br><br> Debtor. | **Chapter 7** <br><br> **Case No. 19-12042-DSJ** |
| SALVATORE LAMONICA, solely in his capacity as Chapter 7 Trustee of the Estate of Online Diamonds International Corp. d/b/a Enchanted Diamonds d/b/a Enchanteddiamonds.com, <br><br> Plaintiff, <br><br> -against- <br><br> JOSHUA NIAMEHR, <br><br> Defendant. | **Adv. Pro. No. 21-01164-DSJ** |

**DEFENDANT, JOSHUA NIAMEHR'S REPLY TO PLAINTIFF'S**
**OPPOSITION TO THE MOTION TO DISMISS ADVERSARY COMPLAINT**

COMES NOW, Defendant, Joshua Niamehr, by and through his undersigned

attorneys, Kasen & Kasen, P.C. and respectfully submits this Reply to Plaintiff's Opposition to

his Motion to Dismiss the Plaintiff's Complaint in further support of his Motion to Dismiss Adversary Complaint.

## Procedural and Factual Background

On June 20, 2019, Online Diamonds International Corporation (hereinafter, the "Debtor") filed a petition for relief under chapter 7 of the Bankruptcy Code. Salvatore LaMonica (hereinafter, the "Plaintiff" or the "Trustee") was appointed the interim Chapter 7 Trustee of the Debtor's estate on June 21, 2019 and became the permanent Chapter 7 Trustee of the Debtor's estate on July 24, 2019.

On June 18, 2021, the Trustee brought the instant adversary proceeding against Joshua Niamehr (hereinafter, "Niamehr" or the "Defendant"), the former president of the Debtor, by the filing of a complaint seeking turnover of funds from Niamehr, alleging an entitlement to such funds due to actual fraudulent transfers under both Bankruptcy and New York law, constructively fraudulent transfers under both Bankruptcy and New York law, a breach of duty under Delaware law, conversion, and unjust enrichment (hereinafter, the "Complaint").

On July 12, 2021, the Defendant filed a Motion to Dismiss Complaint (CM/ECF No. 4[1]) (hereinafter, the "Motion to Dismiss") and the Trustee filled opposition to the Motion to Dismiss on August 19, 2021 (CM/ECF No. 6) (hereinafter, the "Objection to the Motion to Dismiss"). Herein, the Defendant expounds upon some of the basis for dismissal that the Trustee either misstates or misinterprets the applicable standards in it's Objection to the Motion to Dismiss.

---

[1] All CM/ECF No.'s reference the docket entries in the Adversary Proceeding, LaMonica v. Niamehr (In re Online Diamonds Int'l Corp.), Adv. Pro. No. 21-01164-DSJ unless otherwise noted.

**The Trustee Has Not Alleged Sufficient Facts to Sustain an
Actual Fraudulent Conveyance Claim
Under Either Bankruptcy Law or New York Debtor Creditor Law**

While the Trustee is correct in its contention that intent can be inferred from the "badges of fraud", the Trustee is still subject to the heightened pleading requirements of Rule 9(b) which requires specificity in the allegations of fraud. The Trustee lists the allegations the Trustee asserts are sufficient allegations to establish a "strong inference of fraudulent intent" as is required. In re M. Fabrikant & Sons, Inc., 480 B.R. 480, 484 (S.D.N.Y. 2012) (quoting In re Carter-Wallace, Inc., Sec. Litig.., 220 F.3d 36, 39 (2d Cir. 2000)).

Each of these allegations contain nothing but a bare recitation of the "badges of fraud". While "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally," id., this "'must not be mistaken for license to base claims of fraud on speculation and conclusory allegations,'" In re M. Fabrikant & Sons, Inc., 480 B.R. 480, 484 (S.D.N.Y. 2012) (quoting In re Carter-Wallace, Inc., Sec. Litig.., 220 F.3d 36, 39 (2d Cir. 2000)).

The Trustee does not even allege what creditor or creditors the Debtor intended to hinder delay or defraud for any given complained of transfer, let alone each transfer the Trustee alleges was made with fraudulent intent.

The heightened pleading standard has not been met and the Actual Fraudulent Transfer claims must be dismissed.

**The Trustee Has Not Alleged Sufficient Facts to Sustain an
Actual Fraudulent Conveyance Claim
Under Either Bankruptcy Law or New York Debtor Creditor Law**

The primary objection to Counts 4, 5, 6, and 7 of the Complaint (hereinafter, the "Constructively Fraudulent Conveyance Claims"), as set forth in detail in the Motion to Dismiss, was the insufficiency of the allegations related to both insolvency and sufficiency of

3

consideration, necessary elements to sustain a claim under 11 U.S.C. § 548(a)(1)(B), NY DCL § 273, 274 and 275.

The Trustee, in the Objection to the Motion to Dismiss, argues that an allegation that the Debtor's tax returns reflected losses is a sufficient factual allegation to plausibly establish insolvency and that the bare recitation that "the Debtor did not receive fair consideration" is enough to establish that as a fact. Such allegations do not "nudge [. . .] [the] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The Trustee seems to rely on O'Toole v. Karnani (In re Trinsum Grp., Inc.), 460 B.R. 379, 392 (S.D.N.Y. 2011) for the proposition that "tax returns [. . .] reflected losses going back to 2016 and sufficiently establish that the Debtor's liabilities exceed its assets at the time each of the Transfers was made" CMECF No. 6, p. 16 is sufficient to meet the insolvency test. This argument fails for several reasons.

The complaint never alleges what the Trustee states in the Objection to the Motion to Dismiss. The Complaint never alleges "that the Debtor's liabilities exceed its assets". In fact, the word "liabilities" does not appear anywhere in the complaint. What the Complaint and the Objection to the Motion to Dismiss seems to attempt to do, is establish that if the Debtor had losses on its tax returns that somehow that establishes insolvency. O'Toole v. Karnani stands for the exact opposite proposition. In that case, the Bankruptcy Court ruled specifically that net income figures and net cash flow figures, even coupled with allegations of increasing debt and decreasing revenues was insufficient to establish insolvency. O'Toole v. Karnani (In re Trinsum Grp., Inc.) at 392-93 ("These percentage figures of the decrease in revenue and the rise in debt levels do not rule out the possibility that the Debtors may have had a reserve such that they were

4

not insolvent or rendered insolvent."; "Without more detailed information, the Amended Complaints fail to sufficiently plead the insolvency element required under New York law to bring a constructive fraudulent conveyance action under section 544(b). As all the elements of a cause of action must be sufficiently pled to survive a 12(b)(6) motion, the claims under section 544(b) and New York Debtor & Creditor Law §§ 273-75 are dismissed.") "Tax returns do not move the needle in establishing solvency" Tae H. Kim v. Ji Sung Yoo, 311 F.Supp.3d 598, 614 (S.D.N.Y. 2018).

Insolvency can be found in two ways. "First, a company is insolvent if it is unable to pay its debts as they fall due in the usual course of business. Second, a company may be insolvent if it has liabilities in excess of a reasonable market value of assets held." Pereira v. Farace, at 343 (quoting U.S. Bank Nat'l Ass'n v. U.S. Timberlands Klamath Falls, LLC, 864 A.2d 930, 947-48 (Del. Ch. 2004), *vacated on other grounds*, 875 A.2d 632 (Del. 2005)); *see also* N. Am. Catholic Educ. Programming Found., Inc. v. Gheewalla, 2006 Del Ch. LEXIS 164 (Del. Ch. Sept. 1 2006) ("Insolvency may be demonstrated by either showing (1) a deficiency of assets below liabilities with no reasonable prospect that the business can be successfully continued in the face thereof, or (2) an inability to meet maturing obligations as they fall due in the ordinary course of business.") (internal quotations omitted).

Here, there exist no allegations regarding the Debtor's liabilities, the Debtor's assets, or the Debtor's ability to pay it's obligations as they mature on the date of any of the complained of transactions. The only allegation the Trustee relies on to establish insolvency is that the Debtor's tax returns show losses. Such an allegation does not move the needle. As such, the Trustee has failed to allege insolvency in any of the Bankruptcy law or State law counts

5

alleging constructively fraudulent transactions and all such counts (4, 5, 6, and 7) must be dismissed.

Likewise, despite the Trustee stating in the Objection to the Motion to Dismiss, "[t]he Complaint states that the Debtor's books and records do not evidence that the Debtor received **any** consideration" CM/ECF No. 6, p. 16 (Citing Complaint at ¶¶ 27 and 35) (**emphasis added**), that is not in fact what the Complaint says in the two paragraphs cited or elsewhere. All that is alleged in the two cited paragraphs is that the Debtor did not receive "fair consideration or reasonably equivalent value", exactly mirroring and parroting the language of the relevant statutes.

WHEREFORE, for the forgoing reasons and the reasons set forth in the Debtor's Motion to Dismiss, the Defendant respectfully requests that the Court grant his Motion to Dismiss the Complaint with prejudice, and grant such other and further relief as deemed just and proper.

Dated: New York, New York
      August 23, 2021　　　　　　　　　　　KASEN & KASEN, P.C.

　　　　　　　　　　　　　　　　　　By:　/s/ Michael J. Kasen
　　　　　　　　　　　　　　　　　　　　Michael J. Kasen, Esq.
　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant Joshua Niamehr
　　　　　　　　　　　　　　　　　　　　115 Broadway, 5th Floor
　　　　　　　　　　　　　　　　　　　　New York, New York 10006
　　　　　　　　　　　　　　　　　　　　(646) 397-6226